IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LYNCH TRADITIONS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM A. DAVILA, a California Resident; WORLD FAMOUS SPORTS, INC., a California corporation; BEALLS, INC., a Florida corporation; THE SPORTSMANS GUIDE, INC., a Minnesota corporation, and JOHN DOES 1-10.<br><br>      Defendants. | Civil Action File No.: 7:09-cv-00061-HL<br><br>**Jury Demanded** |

**CONSENT PRELIMINARY INJUNCTION**

    **WHEREAS** Plaintiff initiated the above-styled action on May 19, 2009, alleging various federal and state law claims against Defendants for counterfeiting, trademark and copyright infringement;

    **WHEREAS** Plaintiff has filed an Emergency *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Asset Freeze and Order of Seizure and Impoundment; **WHEREAS** this Court issued an *ex parte* Temporary Restraining Order on June 1, 2009; **WHEREAS** this Court issued an *ex parte* Order for Issuance of Seizure on June 1, 2009;

    **WHEREAS** pursuant to the Order for Issuance of Seizure, a seizure was executed at the business premises of Defendant World Famous Sports, Inc. on June 5, 2009;

    **WHEREAS** Defendants William A. Davila and World Famous Sports, Inc. ("World Famous"), have been served and have retained counsel to represent them in this matter;

    **WHEREAS** on June 16, 2009, the undersigned parties jointly moved to postpone the hearing for Plaintiff's request for preliminary injunction, initially set for June 15, 2009, and instead requested the Court to extend the Temporary Restraining Order

until July 17, 2009, and that the parties may engage in expedited discovery to gather additional facts relevant to the preliminary injunction proceedings, and to explore the possibility of settlement;

**WHEREAS** on June 18, 2009, the Court granted that joint motion and extended the Temporary Restraining Order until July 17, 2009;

**WHEREAS** the undersigned parties have now agreed upon the terms of a Consent Preliminary Injunction to maintain the status quo, so that the parties may continue to engage in discovery and explore mediation of their respective claims and defenses;

**WHEREAS** counsel for the undersigned parties, without waiving any claims or defenses and without admitting any liability, having consented hereto, and for other good cause shown,

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, the Court **GRANTS** the undersigned parties` request for a Consent Preliminary Injunction, and **IT IS HEREBY ORDERED** that:

1. Defendant Davila and Defendant World Famous, and their principals, officers, agents, servants, employees, attorneys, and those persons under their control or in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby restrained, during the pendency of this action, from

    i. Importing, advertising, manufacturing, printing, distributing, selling and/or offering to sell, directly or indirectly, any product comprising of Plaintiff's copyrighted Superflauge Print and/or bearing Plaintiff's Lynch Marks (as defined in the Verified Complaint), unless expressly authorized by Plaintiff in writing under the procedures established by Plaintiff and

      Defendants Davila and World Famous in their "Sample Screening Agreement and Protocol." In this Sample Screening Agreement and Protocol, Plaintiff and Defendants Davila and World Famous have established a mutually agreed upon process whereby Defendant World Famous will first submit to Plaintiff samples of items believed by Defendant World Famous to comprise genuine Superflauge Print and Plaintiff will review these samples and give its written approval to Defendant World Famous prior to Defendant World Famous selling, offering, and/or distributing any such items. The Sample Screening Agreement and Protocol does not operate as a waiver of any cause of action that Plaintiff may have against Defendants or as an admission of liability by Defendants.

ii. Importing, advertising, manufacturing, printing, distributing, selling and/or offering to sell the items depicted in Exhibit B of the Complaint, or any non-genuine version of Plaintiff's Superflauge print in any way, unless expressly authorized by Plaintiff in writing, pursuant to the Sample Screening Agreement and Protocol..

iii. Using the Lynch Marks or any variations thereof, or any other trademark confusingly or deceptively similar to the Lynch Marks in the manufacture, production, labeling, advertising, promotion, offer for sale, display, distribution, and sale of any camouflage products, unless expressly authorized by Plaintiff in writing, pursuant to the Sample Screening Agreement and Protocol.

iv. Injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's registered Lynch Marks.

v. Engaging in deceptive trade practices or acts in the course of business by means of selling products having trademarks or logos copying Plaintiff's registered Lynch Marks.

vi. Moving or transferring any of Defendants Infringing Goods from their present location, wherever that may be, without an express order of this Court, except to the extent necessary to preserve them from injury or damage.

vii. Failing to take steps to preserve, in their present form, Defendants' Infringing Goods.

viii. Concealing, altering, injuring, or destroying in any manner Defendants Infringing Goods.

ix. Moving corporate books and records, or any other financial records related to the products and materials at issue in this lawsuit, or any part of them, from their present location, except to the extent necessary to preserve them from injury or damage.

x. Failing to take steps to preserve, in their present form, corporate books and records, or any other financial records related to the products and materials at issue in this lawsuit, or any part of them.

xi. Concealing, altering, injuring, or destroying in any manner corporate books and records, or any other financial records related to the products and materials at issue in this lawsuit, or any part of them.

**IT IS FURTHER ORDERED** that the bond posted by Plaintiff on or about June 18, 2009, in the amount of $10,000.00, as a condition to the entry of the Consent Extension of Temporary Restraining Order, shall be released to Plaintiff in full upon the entry of this Order, and this Order shall be conditioned upon Plaintiff posting a new bond in the sum of $100.00. This Order shall remain in effect, unless modified by further order of this Court, until a final judgment has been entered in this action or the Court dismisses this action.

**SO ORDERED**, this 30th day of July, 2009.

*s/ Hugh Lawson*

Judge, United States District Court
Middle District of Georgia